# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DONALD MORRISON,**
**Claimant Below, Petitioner**

**vs.)** **No. 20-0688** (BOR Appeal No. 2055264)
(Claim No. 2019025964)

**APEX PIPELINE SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald Morrison, by counsel William C. Gallagher, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Apex Pipeline Services, Inc., by counsel Jeffrey B. Brannon, filed a timely response.

The issue on appeal is Mr. Morrison's entitlement to requested medical treatment. The claims administrator denied authorization for a left total hip arthroplasty on September 11, 2019. On March 16, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated August 10, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Morrison, a driver for Apex Pipeline Services, injured his left hip at work on May 29, 2019. He states that he was outside of his truck and walking on a right of way for a pipeline when he slipped while walking downhill. He tried to grab onto the railing with his right hand to prevent his fall; however, he did fall onto his left side. As a result of the fall, he injured his right shoulder, left hip, and left knee. He did not seek immediate medical attention after the injury. However, he ultimately was seen by staff at MedExpress on three occasions beginning on June 13, 2019, until he came under the care of orthopedic surgeon Jeffrey Abbott, M.D. X-rays of the right shoulder revealed mild arthritis and left hip x-rays revealed severe arthritis. Additional x-rays of the left hip and left knee taken at East Ohio Regional Hospital on June 21, 2019, showed extensive arthritis in the left hip and mild arthritis with a component of moderate to severe narrowing at the periphery of the medial compartment in the left knee.

Mr. Morrison filed an application for workers' compensation benefits which was held compensable for a sprain of unspecified parts of the right shoulder girdle and other sprain of the left hip by the claims administrator on July 3, 2019. A report from Wheeling Hospital Radiology indicated that Mr. Morrison underwent an MRI of his left hip on July 7, 2019. The MRI revealed an incomplete fracture of the left proximal femur with bone marrow edema. The report also showed osteoarthritis of the left hip with subchondral edema within the left acetabulum which may be the result of osteoarthritis, trauma, or more aggressive etiologies. Following the MRI results, Dr. Abbott submitted a request for left total hip replacement surgery on July 19, 2019. However, Dr. Abbott did not provide additional information as to a causal relationship for the necessity of the requested hip replacement surgery.

Mr. Morrison received an Independent Medical Evaluation from Victor Thomas, M.D., an orthopedic specialist, who issued a report dated August 23, 2019. Dr. Thomas indicated that he had reviewed Mr. Morrison's clinical history and performed a physical examination. He determined that he had reached his maximum degree of medical improvement from his work-related injury. Dr. Thomas reviewed the diagnostic testing and summarized them as follows:

"There are reports of x-rays that Mr. Morrison had performed in the first month after his work injury. From June 13, 2019, there are x-rays of the right shoulder and left hip. Right shoulder x-rays were reported as having mild arthritis and left hip x-rays were reported as severe arthritis.

There are also x-rays of the left hip and left knee from East Ohio Regional Hospital on June 21, 2019. Although the report indicates that it is a right knee x-ray, I believe this is mislabeled and it is actually a left knee x-ray. The left hip x-rays show extensive arthritis. The left knee x-rays show mild arthritis with a component of moderate to severe narrowing at the periphery of the medial compartment.

Additional diagnostic testing Mr. Morrison underwent was available for personal review. The left hip MRI scan of July 7, 2019, shows extensive edema of the acetabulum and femoral head, primarily the superior lateral aspect. This extends into the neck region. Although the radiologist's report indicates an incomplete fracture, in my opinion there is no fracture, this is edematous changes associated with the arthritis. There is severe loss of joint space of the left hip joint.

There are also left hip x-rays of July 19, 2019. This includes a view of the pelvis. Mr. Morrison has bilateral CAM deformities of both femoral heads. He has mild right hip arthritis and severe left hip arthritis.

Lastly, there is a left knee MRI scan of July 25, 2019. This shows evidence of degeneration of the posterior medial meniscus. There is evidence of possible prior surgery versus degenerative tear. There is also local edema at the very medial aspect of the medial tibia. The lateral meniscus and all ligaments are intact."

Based upon his review of Mr. Morrison's records and his examination, Dr. Thomas concluded that he suffers from severe arthritis of the left hip. It was his opinion that this severe or advanced arthritis is a preexisting condition which was not caused or aggravated by Mr. Morrison's work injury. Although the MRI scan of the hip from July 7, 2019, indicates a fracture, it was Dr. Thomas's opinion that there is no fracture, and the findings are explained by his preexisting degenerative condition. He concluded that a left total hip replacement is appropriate; however, it is not related to Mr. Morrison's work injury. Utilizing the American Medical Association's *Guides for the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Thomas found 0% upper extremity impairment for the right shoulder. Regarding the left knee, Dr. Thomas opined that Mr. Morrison's left knee pain is referred pain from his left hip and that he is not suffering from any symptomatic left knee condition. It was concluded that Mr. Morrison is not disabled as a result of his fall at work on May 29, 2019.

On September 11, 2019, the claims administrator denied Mr. Morrison's request for left total hip arthroplasty, as the treatment was neither medically necessary nor reasonably required to treat the compensable conditions in the claim. Mr. Morrison protested the claims administrator's decision. Although he submitted no evidence in support of his protest, Mr. Morrison argued that Dr. Thomas disregarded an MRI scan showing a left hip fracture, and that the doctor's opinion should not be given any great credence.

By decision dated March 16, 2020, the Office of Judges affirmed the September 11, 2019, Order denying authorization for a left total hip arthroplasty. The Office of Judges concluded that the claim was held compensable for the diagnosis of other sprain of the left hip, and such a diagnosis would not suggest the necessity for a left total hip arthroplasty. The Office of Judges noted that Dr. Abbott's request for left total hip arthroplasty dated July 19, 2019, does not contain representations to the effect that he believed that Mr. Morrison's need for such treatment was directly related to the compensable injury. The Office of Judges recognized Dr. Thomas as an expert in the field of orthopedic medicine and found his opinion that Mr. Morrison's need for the requested treatment is caused by unrelated and preexisting left hip arthritis to be credible. On August 10, 2020, the Board of Review adopted the findings of fact and conclusions of the Office of Judges and affirmed the decision that the preponderance of the credible medical evidence fails to demonstrate that Mr. Morrison's request for a left hip arthroplasty is causally related to the compensable diagnosis of left hip sprain.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The preponderance of the evidence of record in this claim establishes that Mr. Morrison sustained only a sprain/strain type injury. The only medical evidence is the Independent Medical Evaluation report of Dr. Thomas, who concluded that while Mr. Morrison may need a left total hip replacement, it is not related to the compensable injury in the claim. Mr. Morrison failed to submit any evidence to rebut the medical opinion of Dr. Thomas.

Affirmed.

**ISSUED: November 5, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton